# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN PAUL TURAYISHIMYE )<br>   79 Wildflower Rd )<br>   Leominster, Massachusetts )<br>                                )<br>           Plaintiff )<br>                                )<br>      v. )<br>                                )<br>KRISTI NOEM, in her official capacity, )<br>Secretary, U.S. Department of Homeland )<br>Security; )<br>KIKA SCOTT, in her official capacity, )<br>Director, U.S. Citizenship and Immigration )<br>Services; )<br>   2707 Martin Luther King Jr. Ave, SE )<br>   Washington, DC 20528-0485 )<br>                                )<br>PAM BONDI, in her official capacity, )<br>Attorney General, Office of Attorney General, )<br>U.S. Department of Justice; )<br>   950 Pennsylvania Avenue, NW )<br>   Washington, DC 20530-0001 )<br>                                )<br>           Defendant(s). )<br>                                )<br>_____ | Civil Action No. |

## **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS, VIOLATION OF THE APA, AND PETITION FOR NATURALIZATION UNDER 8 USC §1447(b)**

Local Counsel, Christopher S. Knight, Esq., Attorney for Plaintiff, Preti Flaherty Beliveau &

Pachios LLP, 60 State Street, Suite 1100, Boston, MA 02109, Ph: 617-226-3800, Email:

cknight@preti.com; Non-Resident Attorney, Tamunotonte Fenny, Esq., Jeelani Law Firm, PLC,

1

9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: tonte@jeelani-law.com.

## INTRODUCTION

COMES NOW JEAN PAUL TURAYISHIMYE (hereinafter "Plaintiff TURAYISHIMYE" or "Plaintiff") by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff's Form N-400, Application for Naturalization ("Application"), within a reasonable period of time. The Application has been in pending status for a total period of over eight years and eleven months (over 107 months or 3269 days). The Plaintiff has a clear right to adjudication of his Application in a timely manner. The INA requires USCIS to decide an application within 120 days of a naturalization examination. 8 U.S.C.A. § 1447(b). At the time of this filing, it has been 2697 days since the *second* examination of the Plaintiff was held.

2. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

4. USCIS has published a historical average processing time of 7.7 months for the adjudication of Form N-400 for cases filed in 2017. Plaintiff's Form N-400 Application has been

pending for a total of over 107 months, which is over thirteen times the historical processing time as reported by USCIS.[1]

5.      Defendants have refused to provide further explanation which would merit the need for over thirteen times the historical average processing time.

6.      This action is additionally brought before this Court to exercise its jurisdiction over the Application, and make a decision on the same, under 8 U.S.C.A. § 1447(b) as a period of over 120 days has elapsed since the Plaintiff's last naturalization examination was completed and no decision has been made by the Defendants.

7.      Further, the delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

8.      Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

9.      Plaintiff JEAN PAUL TURAYISHIMYE is a resident of Worcester County, Massachusetts, and a Permanent Resident of the United States. He is the Applicant in a properly filed Form N-400, Application for Naturalization [case# NBC-*006-763-736] with United States Citizenship and Immigration Services (hereinafter "USCIS").

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

10. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

11. Defendant KIKA SCOTT is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

12. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14. Additionally, this Court has jurisdiction under 8 U.S.C.A. § 1447(b) as a period of 120 days has elapsed since the Plaintiff's naturalization examinations were completed and no decision has been made.

15.     Venue is proper in the District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff resides and there is no real property involved in this action.

## EXHAUSTION OF REMEDIES

16.     The Plaintiff has repeatedly requested the Defendants to make a final decision on his Application. Further, Plaintiff has initiated numerous inquiries with USCIS directly, and through his local Senator, Ed Markey's, office.

17.     Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of his Application.

18.     There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

19.     On April 8, 2016, Plaintiff properly filed Form N-400, Application for Naturalization with the United States Citizenship and Immigration Service ("USCIS"). **[EXHIBIT A].**

20.     On August 2, 2017, Plaintiff completed his naturalization interview with USCIS Belanger at the USCIS Lawrence Field Office.  At the conclusion of the interview, Plaintiff was notified by the interviewing officer that he had successfully passed the naturalization interviews and that USCIS would send him a written decision about the Application. **[EXHIBIT B].**

21.     On November 1, 2017, Plaintiff attended a *second* interview scheduled by USCIS to ascertain his participation in the Rwandan National Congress. **[EXHIBIT C].**

22. Plaintiff has made numerous inquiries since November 1, 2017, with USCIS directly and through his local Senator, Ed Markey's, office requesting adjudication of his Application.

23. Plaintiff's inquiries have not resulted in any meaningful response from USCIS and there is no indication as to when Plaintiff will be scheduled for his oath ceremony, which is a requirement in order for Plaintiff to become a naturalized citizen of the United States.

24. Plaintiff's Application now continues to be pending with USCIS for a total period of over eight years and eleven months (over 107 months or 3269 days).

25. USCIS has published a historical processing time of 7.7 months for the adjudication of Form N-400 for cases filed in 2017. Plaintiff's Form N-400 Application has been pending for over 107 months, which is over thirteen times the historical average processing time.[2]

26. Defendants have refused to provide further explanation which would merit the need for over thirteen times the historical average processing time.

27. The INA requires USCIS to decide an application within 120 days of an examination being conducted. 8 U.S.C.A. § 1447(b).

28. Defendants have refused to provide further explanation which would merit the need for withholding adjudication on Plaintiff's Application for over 2697 days since his *second* examination.

29. Plaintiff has endured significant financial burdens as a result of the unreasonable period of time that his Application has been pending. Despite showing that he merits approval of

---

[2] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

his Application, Plaintiff has, without any legitimate and lawful reason, been deprived of the rights and benefits that are afforded to citizens of the United States upon naturalization.

## **COUNT I**

### VIOLATION OF THE APA- FORM N-400

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiff has a statutory right to apply for and receive an adjudication of his Application pursuant to 8 U.S.C. § 1446 and § 1447(b).

32. Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b).

33. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

34. Defendants have conducted a significant investigation and have sufficient information and documentation about Plaintiff to adjudicate his Application.

35. Given the Defendants' lack of a reason for not making a decision on Plaintiff's Application within 120 days of the interview, Plaintiff's Application has been pending for an unreasonably long period of time.

36. A period of 2697 days has elapsed since the Plaintiff was subjected to his *second* naturalization examination.

37. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

38.  Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's Application.

39.  Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which he is entitled.

40.  In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees.  Also, as a result of Defendants' actions, Plaintiff has been denied his right to become a citizen of the United States and enjoy the benefits thereof, such as voting in the 2024 General Election.

## COUNT II

### 8 USCA § 1447(b) –JURISDICTION OF THIS COURT OVER APPLICATION

41.  All prior paragraphs are re-alleged as if fully stated herein.

42.  The INA requires USCIS to decide an application within 120 days of an interview being provided. 8 U.S.C.A. § 1447(b).

43.  A period of over 88 months (2697 days) has lapsed since the scheduled interviews and examinations of the Plaintiff.

44.  The government's inaction in this matter constitutes a violation of its responsibility to decide Plaintiff's citizenship Application in a timely and efficient manner and within the prescribed 120 days after the examination of the Plaintiff. 8 U.S.C.A. § 1447(b).

45.  With the filing of the instant petition, this Court has jurisdiction over the Application.

46.     Plaintiff requests this Court to provide a hearing to adjudicate the Application or, in the alternative, for the Court to review the record of the administrative agency and grant citizenship to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court remove jurisdiction from Defendants to exercise its own jurisdiction over the Plaintiff's Application and adjudicate the same.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: March 25, 2025                                              Respectfully submitted,

*/s/ Christopher S. Knight*
Christopher S. Knight, Bar #711303
Preti Flaherty Beliveau & Pachios LLP
60 State Street, Suite 1100
Boston, MA 02109
cknight@preti.com
Phone: 617-226-3800
*Counsel for Plaintiffs*